**CLARK, Plaintiff-Appellee, v. CHAMBERS, Defendant-Appellant.**

Ohio Appeals, Second District, Champaign County.

No. 146.   Decided December 28, 1956.

Richard P. Faulkner, Pros. Atty., Urbana, for the motion.
J. Harvey Crow, Urbana, contra the motion.

## OPINION

BY THE COURT:

Submitted on motion of appellee to dismiss the appeal on questions of law and fact and to retain it as on questions of law.   The reason for the motion is that there was a stipulation in the Common Pleas Court that determination should be made upon a preliminary question of res judicata and that, if it was held that this issue was dispositive, no further presentation of evidence would be had, unless and until a higher court reversed the Common Pleas Court on this issue.   The stipulation is appended to the motion.

An examination of the transcript of docket and journal entries discloses that a final injunctive order was made enjoining the defendant as prayed in plaintiff's petition.

The appeal is noted on questions of law and fact.   In the situation thus presented, the stipulation in the trial court is without effect in this court.

The effect of an appeal on questions of law and fact is well stated in the text, 3 O. Jur. 2d, paragraph 356, pages 259 and 260:

"In Ohio when a case is appealed on questions of law and fact it no longer remains in the court below.   The whole case goes up for trial de novo.   The appeal on such questions terminates the jurisdiction of the trial court; the perfecting of such an appeal removes the entire case to the Court of Appeals and the court below loses all power to do anything in the case."

It is probable that the issue of res judicata would be determined as a question of law without respect to the form of appeal and, if it is dispositive of the right of the plaintiff to judgment, no other question

will be presented. If any development in the trial should require additional testimony, it will be adduced in this court. Whether or not the parties by agreement and by the consent of the court first submit the issue of res judicata can be determined when the cause is ready to be heard. There is no provision in the law whereby issues in a case can be reserved in the trial court if an appeal on questions of law and fact is properly perfected.

The motion will be denied.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.